STEPHEN J. SORENSON, Acting United States Attorney (#3050)
BARBARA BEARNSON, Assistant United States Attorney (#3986)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:05 CR 415 DKW |
| Plaintiff, | |
| vs. | RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT AND MOTION FOR DOWNWARD DEPARTURE |
| DUSTIN G. ANDRUS, | |
| Defendant. | |

_____

The United States, through the undersigned, responds to defendant's motion regarding sentencing as follows:

### I. THE REPEAT SEX OFFENDER PROVISION IN USSG § 4B1.5 DOES NOT APPLY

Defendant claims the provision in USSG 4B1.5, Repeat and Dangerous Sex Offender Against Minors, does not apply to him. In the view of the United States, defendant is, in part, correct for the reasons set forth below.

Defendant's prior conviction is referenced in ¶ 30 of the Presentence Report. He was convicted of Enticing a Minor Over the Internet, a Second Degree Felony, in Fourth

District Court, State of Utah, in 2004. The incident involved an undercover police officer.

The Sentencing Guidelines provision at issue states: "In any case in which the defendant's ***instant offense of conviction*** is a ***covered sex crime***, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one ***sex offense conviction***, [his sentence shall be increased according to the guideline]."

Defendant's ***instant offense of conviction is a covered sex crime***. He was convicted of Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b), a Chapter 117 offense. This instant offense of conviction includes "covered sex crimes" as defined in USSG § 4B1.5 comment n. 2, and includes Chapter 109A offenses, Chapter 110 offenses (excluding, e.g., possession of child pornography), and Chapter 117 offenses (excluding, e.g., using a facility of interstate commerce to transmit information about a minor). Coercion and Enticement is within Chapter 117, and it is not excluded from application in note 2.

However, defendant's prior conviction is not a "***sex offense conviction***." Note 3(A)(ii) of § 4B1.5 provides that a "Sex offense conviction" includes an offense described in 18 U.S.C. § 2426(b) if the offense was committed against a minor, and does not include trafficking in, receipt of, or possession of child pornography.

The offenses described in 18 U.S.C. § 2426(b) include Chapter 109A or Chapter 110 offenses, or like offenses committed under state law. In general, Chapter 109A offenses include sexual assault and Chapter 110 offenses include sexual exploitation. As indicated, Chapter 117 includes the Coercion and Enticement provision, which is similar Enticing a Minor Over the Internet provision that defendant was convicted of in state court. Because Chapter 117 offenses are not included in the definition of "prior sex

offense conviction" in 18 U.S.C. § 2426(b), and because the prior conviction would be analogous to a Chapter 117 offense, defendant's prior conviction does not fall within the parameters of the USSG § 4B1.5 enhancement.

## II. CRIMINAL HISTORY CALCULATION

Defendant objects to the two points for prior juvenile court adjudications in 2002 and 2003, both of which were for shoplifting and both of which resulted in imposition of a fine. Because a fine was imposed, it is implicit that there was a finding of guilt. Moreover, given the fine, the cases were not handled in the manner that "non-judicial" closure cases are handled in the juvenile courts. As a result, these points appear appropriate.

## II. GENERAL REQUEST FOR DEPARTURE

Defendant next claims that he should be granted a downward departure without specifically referencing the precise provisions for his claim. Given the nature of defendant's offense of conviction, he is not eligible for a downward departure under the Sentencing Guidelines or 18 U.S.C. § 3553(a) Subsection (b) of § 5K2.0 precludes, in most instances, downward departures in child crimes and sexual offenses, including offenses of conviction falling within Chapter 117, which includes Coercion and Enticement of a Minor for the Purpose of Sexual Activity in violation of 18 U.S.C. § 2422(b). To be a ground for departure, the ground must be specifically identified in the Guidelines as a basis for departure, must be a basis for departure not adequately taken into consideration by the Guidelines, and should result in a sentence different from the guideline sentence. USSG § 5K2.0(b).

For essentially these same reasons, defendant is not eligible for a reduction under 18 U.S.C. 3553(a). He is statutorily prohibited by 18 U.S.C. 3553(b)(2), which contains

3

the same basic prohibitions based on the nature of his offense of conviction. Because he has been convicted of an offense within Chapter 117, and he does not meet the criteria to allow an exception, defendant would not be entitled to a downward departure.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Court not apply the 8 level increase pursuant to USSG 4B1.5, but that the Court otherwise follow the calculations set forth in the Presentence Report.

DATED this 28th day of May, 2006.

STEPHEN J. SORENSON
Acting United States Attorney

/s/

_____
BARBARA BEARNSON
Assistant United States Attorney


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Utah, and that a copy of the foregoing RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT was provided to the parties named below, this 28nd day of May, 2006:

Julie George
29 South State Street, Suite 7
Salt Lake City, Utah 84147

/s/

_____
Barbara Bearnson